IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-01327-PAB-TPO

IDO M. SAMUELSON,

     Plaintiff,

v.

APTIV U.S. SERVICES GENERAL PARTNERSHIP,

     Defendant.

---

## RECOMMENDATION

**Timothy P. O'Hara, United States Magistrate Judge.**

This cause is before the Court upon the Defendant's Motion to Dismiss. ECF 24. Chief

U.S. District Judge Philip A. Brimmer referred the Motion to this Court. ECF 25. The Motion is

now fully briefed.[1] The Court finds that additional oral argument[2] will not materially assist this

Court in issuing a Recommendation. Based on the Parties' arguments and having reviewed the

relevant portions of the record, the Court recommends that the Defendant's Motion be **granted**.

## FACTUAL BACKGROUND

On March 1, 2022, Plaintiff began his employment as "Principal Cloud Architect" for

Defendant, a "global technology company that develops and manufactures automotive

components and provides technology solutions for the automotive industry." ECF 1 at 1-3. While

he was employed with Defendant, Plaintiff was a well-regarded employee "who received positive

---

[1] The briefing in this matter consists of the Motion [ECF 24], Plaintiff's Response [ECF 26], and Defendant's Reply [ECF 28].

[2] The Court heard some argument related to the Motion during the Scheduling Conference held on December 17, 2025. ECF 44.

feedback for his technical expertise and contributions." *Id.* ¶ 11.

During his employment, Plaintiff discovered information that led him to believe that Defendant had committed violations of federal securities laws. *Id.* ¶ 14. Plaintiff repeatedly raised concerns about Defendant's improper conduct and lack of compliance during various company meetings. *Id.* ¶¶ 16, 19, 29-35.

After Plaintiff raised these concerns, according to the Complaint, Defendant engaged in "a pattern of progressive retaliation." *Id.* ¶ 36. Initially, Defendant denied wrongdoing. *Id.* ¶ 38. Then, the company excluded him from meetings. *Id.* ¶¶ 41-42. Defendant also issued him a poor employment review. *Id.* ¶ 43. Finally, on March 14, 2023, just over one year after he began working for the company, Defendant terminated him. *Id.* ¶ 45.

Following his termination, Plaintiff "has documented evidence of continued adverse actions that he reasonably believes constitute ongoing retaliation." *Id.* ¶ 47. Plaintiff details multiple events that he believes relate to his employer's potential retaliation.[3] *Id.* ¶¶ 47-72. Some of the alleged retaliatory behavior is innocuous. *See e.g., id.* ¶ 51 (increased LinkedIn views). Some is odd. *See e.g., id.* ¶ 53 (Plaintiff alleges intimidation through unwanted objects being left outside his Texas home, including soap, a toilet, paper, Campbell's soup can).

## PROCEDURAL BACKGROUND

Plaintiff initiated legal proceedings relating to Defendant's alleged retaliatory actions before the Occupational Safety and Health Administration (OSHA).[4] ECF 24 at 4. OSHA dismissed his complaint, and Plaintiff appealed the decision to the Office of Administrative Law Judges (OALJ). Before that agency, Defendant filed a Motion to Dismiss, which on January 10,

---

[3] Plaintiff also submits some information as Exhibits. *See* ECF 2.

[4] In ECF 2, Plaintiff attaches a large quantity of documents from that proceeding.

2

2025, Administrative Law Judge John M. Herke denied. ECF 26-2 at 11.

On April 28, 2025, while the matter was still pending before the OALJ, Plaintiff filed the present lawsuit in the District of Colorado. ECF 1. In his Complaint, Plaintiff brings one claim against Defendant: a violation of 18 U.S.C. § 1514A (Sarbanes-Oxley Act of 2002). *Id*. at 9. He alleges that the concerns he raised about Defendant's behavior constituted "protected activity" by reporting alleged violations of federal securities laws to company officials. *Id.*

## PARTIES' POSITIONS

On July 21, 2025, Defendant filed its Motion to Dismiss [ECF 24]. In it, Defendant raises three principal arguments. First, Defendant argues that the District of Colorado lacks personal jurisdiction. ECF 24 at 4-8. Second, Defendant argues that venue is not proper in the District of Colorado. *Id.* at 9. Finally, Defendant claims that Plaintiff fails to state a plausible claim under the Sarbanes-Oxley Act of 2002 because Plaintiff's allegations do not involve protected activity under the Sarbanes-Oxley Act. *Id.* at 9-15.

Because this Court agrees that Plaintiff has not sufficiently demonstrated that personal jurisdiction exists over Defendant in the District of Colorado, this Court recommends that Plaintiff's claim be dismissed without prejudice. The Court need not address Defendant's additional arguments relating to improper venue and Plaintiff's failure to state a claim under Fed. R. Civ. P. 12(b)(6).[5]

---

[5] Although there is no mandatory order of operations relating to jurisdictional issues, "[t]he question of personal jurisdiction, which goes to the court's power to exercise control over the parties, is typically decided in advance of venue, which is primarily a matter of choosing a convenient forum." *Dupray v. Oxford Ins. Co. TN LLC*, 645 F. Supp. 3d 1095, 1102 (D. Colo. 2022) (first citing *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007); and then quoting *Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979)).

## STANDARDS OF REVIEW

### I.    Treatment of a Pro Se Plaintiff's Complaint

A pro se plaintiff's "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). "Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Smith*, 561 F.3d at 1096 (quoting *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997)). The Tenth Circuit interpreted this rule to mean that if a court "can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, [it] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013) (quoting *Hall*, 935 F.2d at 1110).

Nevertheless, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Garrett*, 425 F.3d at 840 (quoting *Hall*, 935 F.2d at 1110). Nor is it the Court's obligation to do litigants' legal research for them. *We Alliance Secured Income Fund, LLC v. Swan*, No. 23-cv-02992-SKC-MEH, 2024 WL 2863805, at *2 (D. Colo. Mar. 25, 2024).

### II.    Fed. R. Civ. P. 12(b)(2)—Lack of Personal Jurisdiction

The burden of establishing personal jurisdiction is on the plaintiff. *XMission, LC v. Fluent LLC*, 955 F.3d 833, 839 (10th Cir. 2020). "Jurisdiction to resolve cases on the merits requires . . . authority over the parties (personal jurisdiction), so that the court's decision will bind them." *Gadlin v. Sybron Int'l Corp.*, 222 F.3d 797, 799 (10th Cir. 2000) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999)) (quotations omitted).

To overcome a personal jurisdiction challenge raised in a motion to dismiss, a plaintiff need only make a prima facie showing, and "the plaintiff's burden is light." *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995) (citing *Doe v. National Medical Servs.*, 974 F.2d 143, 145 (10th Cir. 1992)). A plaintiff does so by demonstrating via an affidavit or other written material that the exercise of personal jurisdiction over the defendant is proper. *Id.* (citations omitted); s*ee also Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 900 (10th Cir. 2017). More specifically, when there is a challenge to personal jurisdiction under Fed. R. Civ. P. 12(b)(2):

> [t]he allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits. If the parties present conflicting affidavits, all factual disputes must be resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party. However, only the well pled facts of plaintiff's complaint, as distinguished from mere conclusory allegations, must be accepted as true.

*Wenz*, 55 F.3d at 1505 (citations and internal quotation marks omitted); *see also Knerr v. Boulder BJ, LLC*, No. 19-cv-00799-JKL-MEH, 2020 WL 5126138, at *2 (D. Colo. Apr. 7, 2020) (permitting consideration of affidavits and evidence outside the complaint and accepting allegations as true to the extent they are uncontroverted by the evidence).

## ANALYSIS

To demonstrate personal jurisdiction over a nonresident defendant, Plaintiff must show: (1) an applicable statute authorizes the service of process on defendants; and (2) that the exercise of statutory jurisdiction does not offend constitutional due process requirements. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008) (citing *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006)). Here, the Colorado long-arm statute, Colo. Rev. Stat. § 13-1-124(1), governs whether this Court has personal jurisdiction over Defendant. *Old Republic Ins. Co.*, 877 F.3d at 903. It "confer[s] the maximum jurisdiction permitted by the due

process clauses of the United States and Colorado constitutions," and its requirements are necessarily addressed under the due process standard. *Archangel Diamond Corp. v. Lukoil*, 123 P.3d 1187, 1193 (Colo. 2005). As a result, the Colorado statute's requirements merge into the constitutional due process analysis. *Dudnikov*, 514 F.3d at 1070.

For a court to exercise personal jurisdiction consistent with due process, a defendant must have "purposefully established minimum contacts with the forum state." *Dental Dynamics, LLC, v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1228 (10th Cir. 2020). Additionally, the finding of personal jurisdiction may not offend traditional notions of fair play and substantial justice. *Id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)). The forum contacts must be of the kind that "the defendant 'should reasonably anticipate being haled into court there.'" *XMission*, 955 F.3d at 839 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

A plaintiff seeking to establish personal jurisdiction may do so by demonstrating either general (all-purpose) jurisdiction or specific (case-linked) jurisdiction. *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021) (citation omitted).

*General Jurisdiction*

"General jurisdiction "extends to 'any and all claims' brought against a defendant," but "'[o]nly a select set of affiliations with a forum' will expose a defendant to such sweeping jurisdiction." *Id.* (citing *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014)). The forums that subject a corporation to general jurisdiction are "its place of incorporation and principal place of business."[6] *Id.* (citing *Daimler AG*, 571 U.S. at 137).

---

[6] While the Supreme Court in *Daimler* left open the possibility that "in an exceptional case a corporation might also be 'at home' elsewhere," *see Ford*, 592 U.S. at 359 (citing *Daimler*, 571 U.S. at 139 n.19), Plaintiff fails to raise this as a basis for general jurisdiction here.

Here, although the Parties do not agree on the Defendant's place of incorporation or its principal place of business, the Parties do not dispute that Defendant is neither incorporated nor maintains its principal place of business in Colorado. ECF 1 ¶ 3 (alleging Defendant is organized under the laws of "Jersey" and with a principal place of business in Massachusetts); ECF 24-1 (alleging Defendant is a Delaware entity with its principal place of business in Michigan). As a result, Plaintiff has failed to make a *prima facie* showing that Defendant is subject to general jurisdiction in Colorado. *See Wenz*, 55 F.3d at 1505.

*Specific Jurisdiction*

"Specific jurisdiction is different: It covers defendants less intimately connected with a State, but only as to a narrower class of claims." *Ford*, 592 U.S. at 359. "Courts have been unwilling to allow states to assert personal jurisdiction over foreign defendants where the defendant's presence in the forum arose from the unilateral acts of someone other than the defendant." *Id.* (citing *World-Wide Volkswagen*, 444 U.S. at 295).

Specific jurisdiction requires that: "(i) the defendant must have 'purposefully directed its activities at residents of the forum state,' and (ii) that 'the plaintiff's injuries must arise out of [the] defendant's forum-related activities.'" *C5 Med. Werks, LLC v. CeramTec GmbH*, 937 F.3d 1319, 1323 (10th Cir. 2019) (quoting *Old Republic Ins. Co.*, 877 F.3d at 903). "The contacts needed for this kind of jurisdiction often go by the name 'purposeful availment.'" *Ford*, 592 U.S. at 359 (citing *Burger King Corp.*, 471 U.S. at 475). "Purposeful availment requires actions by the Defendant which 'create a substantial connection with the forum state.'" *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1092 (10th Cir. 1998) (quoting *Asahi Metal Indus. Co. v. Superior Ct. of Cal.*, 480 U.S. 102, 109 (1987)). Also, Courts should analyze the "quantity *and* quality of *Defendant['s]* contacts" with the forum state "to determine whether the district court's assertion

7

of personal jurisdiction over Defendant[] comports with due process." *OMI Holdings*, 149 F.3d at 1092.

In this case, Defendant presents a sworn affidavit from Ms. Ellen Weir, Vice President and Chief Employment and Litigation Counsel. ECF 24-1. In it, Ms. Weir first states that Plaintiff's employment for Defendant was entirely in the state of Texas. *Id.* ¶ 8. Furthermore, Ms. Weir states that Defendant does not:

a) conduct business in Colorado,

b) have any customers in Colorado,

c) advertise or solicit customers in Colorado,

d) have any offices in Colorado, or

e) own real estate in Colorado.

*Id.* ¶¶ 3-6. Defendant has four employees that work remotely from Colorado, *id.* ¶ 9, making up approximately 0.14% of its workforce.

In his Complaint, Plaintiff makes no effort to demonstrate any contacts by Defendant to Colorado. *See generally* ECF 1. In his Response, Plaintiff fares no better. *See generally* ECF 26. He does not challenge any of Ms. Weir's sworn statements detailing Defendant's lack of contacts in the District of Colorado, and he appears to concede a lack of purposefully directed activity by Defendant here. *See* ECF 26 at 6 ("While Plaintiff cannot establish direct targeting . . ."). Instead, Plaintiff argues that since he relocated to Colorado in February of 2024, ECF 26 at 6, Defendant has been harassing him here. Plaintiff does not allege direct harassment by employees of Defendant, though. *Id.* ("While Plaintiff does not allege that Defendant's employees personally carried out each act of harassment . . ."). Rather he alleges that Defendant may be using unknown third parties to carry out the harassment. *Id.* ("Corporations can and often do use third parties—

8

such as investigators, contractors, or other intermediaries—to conduct retaliatory acts while maintaining plausible deniability."). He lists a series of events that he believes are indirect evidence of ongoing harassment. *Id.* at 7-8. The ongoing harassment, "coupled with the timing and nature of the incidents, make it plausible that the retaliation originated with or was directed by Defendant, satisfying the standard to proceed beyond a motion to dismiss." *Id.* at 7.

Even construing Plaintiff's well pled allegations to be true and in a light most favorable to him, he has not demonstrated specific jurisdiction. Plaintiff presents no real evidence to show that Defendant has purposefully availed itself of this district. Other than the recent actions alleged by Plaintiff to be associated with Defendant, it is undisputed that Defendant has virtually no contacts with the state of Colorado.[7]

And for at least two reasons, Plaintiff's allegations of "ongoing harassment," conducted by third parties that might possibly be affiliated with Defendant, fail to meet even the low burden of what is required by Plaintiff to demonstrate purposeful availment. First, the information alleged about Defendant is entirely speculative and unreliable, which is information the Court need not consider in making this determination. *See Dudnikov*, 514 F.3d at 1070 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)) (court need only consider "plausible, non-conclusory, and non-speculative" facts). Second, the unilateral activity of third parties "who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State."

---

[7] Defendant does acknowledge a small number of employees residing in Colorado who work remotely. ECF 24-1 at 3. However, allowing employees to work remotely from the forum state does not constitute purposeful availment. *See Martinez v. N. Ariz. Univ.,* 553 F. Supp. 3d 908, 918-19 (D.N.M. 2021) (noting that remote study and work situations, *even when they involve the plaintiff and relate specifically to the lawsuit*, do not typically demonstrate purposeful availment) (emphasis added) (collecting cases).

*World-Wide Volkswagen*, 444 U.S. at 298. Plaintiff has failed to demonstrate any real connection between the alleged harassing actors and Defendant.

Even if Plaintiff were able to demonstrate that Defendant purposefully availed itself to personal jurisdiction in Colorado, Plaintiff's argument would fail on the second prong of the specific jurisdiction analysis, one that requires that Plaintiff's injuries arose out of the Defendant's forum-related activities. Here, Plaintiff brings an employment-related retaliation action. Plaintiff's employment with Defendant ended with his termination in March of 2023. ECF 1 at 6. Plaintiff alleges that Defendant's harassment in Colorado did not start until after he moved to Colorado in February of 2024, *nearly a year after his termination*. As a result, the timing of Plaintiff's allegations is not consistent with finding his injuries relating to this lawsuit arise out of forum-related activities. Plaintiff's allegations of harassment are more consistent with a completely separate cause of action.

The Court finds Defendant's citation to *Vora v. Dionne* to be persuasive. No. 22-cv-00572-CNS-MDB, 2023 WL 1784227 (D. Colo. Feb. 6, 2023). In that employment contract case, just as here, the plaintiff failed to allege any real connection between Defendant and Colorado. *Id.* at *4. The plaintiff argued that after he was terminated, his relocation to Colorado and the subsequent interaction between he and the employer established the minimum contacts necessary for the court to exercise personal jurisdiction. *Id.* In denying personal jurisdiction, the court noted "a defendant's relationship with the plaintiff, 'standing alone, is an insufficient basis for jurisdiction.'" *Id.* (citing *Walden v. Fiore*, 571 U.S. 277, 286 (2014)).

As a result, this Court finds that Plaintiff has failed to meet his burden to demonstrate that either general or specific jurisdiction exists. Based on this Court's findings, it need not discuss whether exercising personal jurisdiction would offend "traditional notions of fair play and

10

substantial justice."[8] *Asahi*, 480 U.S. at 113. Similarly, the Court need not address Defendant's

other arguments relating to improper venue and the merits of Plaintiff's claims under Fed. R. Civ.

P. 12(b)(6).

**CONCLUSION**

Here, Plaintiff does not demonstrate that this Court has personal jurisdiction over

Defendant. Accordingly, the Court respectfully recommends[9] that Defendant's Motions to Dismiss

[ECF 24] be **granted** and Plaintiff's claim be dismissed without prejudice. *See Brereton v.*

---

[8] "When a plaintiff satisfies the minimum-contacts requirement, the burden shifts to the defendant to demonstrate that exercising personal jurisdiction would 'offend traditional notions of fair play and substantial justice.'" *Kaiser v. Kunam*, 2026 WL 412767, at *3 (D.N.M. Feb. 13, 2026) (quoting *Dudnikov*, 514 F.3d at 1070). The court is to consider: "(1) the burden on the defendant, 2) the forum state's interest in resolving the dispute, 3) the plaintiff's interest in receiving convenient and effective relief, 4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies." *OMI Holdings*, 149 F.3d at 1095 (citing *Asahi*, 480 U.S. at 113). This Court notes, without making any findings, that multiple factors in this analysis appear to weigh heavily in favor of Defendants, including the burden on the Defendant to litigate a matter in a jurisdiction where it has almost no presence, Colorado's limited interest in resolving a dispute that occurred in Texas, and the judicial system's interest in efficient resolution which would be offended by hearing a case where the large majority of witnesses and the employer at issue is located in a different state.

[9] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).

*Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2016) (dismissals for lack of jurisdiction must be without prejudice).

DATED at Denver, Colorado, this 23rd day of February, 2026.

BY THE COURT:

_____
Timothy P. O'Hara
United States Magistrate Judge