IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 25-cv-01327-PAB-TPO

IDO M. SAMUELSON,

      Plaintiff,

v.

APTIV U.S. SERVICES GENERAL PARTNERSHIP,

      Defendant.

---

**ORDER**

---

This matter comes before the Court on the Recommendation of United States Magistrate Judge Timothy P. O'Hara [Docket No. 48], which recommends that the Court dismiss the complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). Plaintiff Ido M. Samuelson filed objections. Docket No. 51. Defendant Aptiv U.S. Services General Partnership filed a response. Docket No. 57.

## I.    BACKGROUND

The facts are set forth in the magistrate judge's recommendation, Docket No. 48 at 1-3, and the Court adopts them for purposes of ruling on the objections. To the extent that plaintiff disputes how the magistrate judge construed certain facts, the Court considers and resolves those arguments below.

On April 28, 2025, plaintiff filed this case, asserting one claim for violation of the Sarbanes-Oxley Act, 18 U.S.C. § 1514A, against defendant. *See* Docket No. 1. Plaintiff's claim arises out of his employment with defendant as a Principal Cloud

Architect that lasted from March 1, 2022 until plaintiff's termination on March 14, 2023. *See id.* at 1, 6, ¶¶ 1, 45. During his employment, plaintiff allegedly raised concerns that defendant had violated federal securities laws. *See id.* at 3, ¶ 14. The complaint alleges that defendant "engaged in a pattern of progressive retaliation" following plaintiff's "protected disclosures." *See id.* at 6, ¶ 36. The complaint also alleges instances of "continued adverse actions" that occurred after plaintiff's termination. *See id.* at 7, ¶ 47.

## II.   LEGAL STANDARD

### A. <u>Objections to the Magistrate Judge Recommendation</u>

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is "proper" if it is both timely and specific. *United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) ("*One Parcel*"). A specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Id*.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). The Court therefore reviews the non-objected to portions of a recommendation to confirm there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes. This standard of review is something less

than a "clearly erroneous or is contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review.  Fed. R. Civ. P. 72(b).  Because plaintiff is proceeding *pro se*, the Court will construe his objections and pleadings liberally without serving as his advocate.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### B.  Rule 12(b)(2)

The purpose of a motion to dismiss under Rule 12(b)(2) is to determine whether the Court has personal jurisdiction over a defendant.  Plaintiff bears the burden of establishing personal jurisdiction.  *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988).  Plaintiff can satisfy his burden by making a *prima facie* showing.  *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.,* 514 F.3d 1063, 1070 (10th Cir. 2008).  A court will accept the well-pled allegations of the complaint as true in determining whether plaintiff has made a *prima facie* showing that personal jurisdiction exists.  *Ditter v. Subaru Corp.*, No. 20-cv-02908-PAB-MEH, 2022 WL 889102, at *2 (D. Colo. Mar. 25, 2022) (citing *AST Sports Sci., Inc. v. CLF Distribution Ltd.*, 514 F.3d 1054, 1057 (10th Cir. 2008)).  If the presence or absence of personal jurisdiction can be established by reference to the complaint, the court need not look further.  *Id.*

However, the plaintiff "has the duty to support jurisdictional allegations in a complaint by competent proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate pleading."  *Tompkins v. Exec. Comm. of S. Baptist Convention*, 2015 WL 1568944, at *4 (D.N.M. Mar. 31, 2015), *aff'd sub nom*. *Tompkins v. Lifeway Christian Res. of the S. Baptist Convention*, 671 F. App'x 1034 (10th Cir. 2016) (unpublished) (quoting *Pytlik v. Pro. Res., Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989)).  "The plaintiff may make this prima facie showing by demonstrating, via affidavit

3

or other written materials, facts that if true would support jurisdiction over the defendant." *AST Sports Sci.*, 514 F.3d at 1057; *see also Dudnikov*, 514 F.3d at 1070. "[A]ny factual disputes in the parties' affidavits must be resolved in plaintiffs' favor." *Dudnikov*, 514 F.3d at 1070.

## III.    ANALYSIS

The magistrate judge recommends that plaintiff's complaint be dismissed for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). *See* Docket No. 48 at 10-11. The recommendation finds that, because "the Parties do not dispute that Defendant is neither incorporated nor maintains its principal place of business in Colorado . . .[,] plaintiff has failed to make a *prima facie* showing that Defendant is subject to general jurisdiction in Colorado." *See id.* at 7. Thus, the recommendation focuses on whether plaintiff has established that the court can exercise specific jurisdiction over defendant.

"Specific jurisdiction . . . is premised on something of a *quid pro quo*: in exchange for 'benefitting' from some purposive conduct directed at the forum state, a party is deemed to consent to the exercise of jurisdiction for claims related to those contacts." *Dudnikov*, 514 F.3d at 1078. Courts typically make three inquiries to determine if a state's exercise of sovereignty over a defendant can be described as fair and just for specific jurisdiction: "(1) whether the defendant purposefully directed its activities at residents of the forum state; (2) whether the plaintiff's injury arose from those purposefully directed activities; and (3) whether exercising jurisdiction would offend traditional notions of fair play and substantial justice." *Newsome v. Gallacher*, 722 F.3d 1257, 1264 (10th Cir. 2013). "[W]here, as here, the issue is determined on the basis of the pleadings and affidavits, that burden may be met by a *prima facie*

4

showing." *Sharpshooter Spectrum Venture, LLC v. Consentino*, No. 09-cv-0150-WDM-KLM, 2011 WL 3159094, at *2 (D. Colo. July 26, 2011) (citing *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011)).  This showing must be made "with respect to each of the claims alleged."  *Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1228 (10th Cir. 2020) (citation omitted).

The recommendation finds that "Plaintiff makes no effort to demonstrate any contacts by Defendant in Colorado" and "fares no better" in his response to defendant's motion to dismiss.  Docket No. 48 at 8.  The recommendation notes that, in his response, plaintiff "appears to concede a lack of purposefully directed activity by Defendant." *Id.*  The recommendation finds that the defendant's alleged campaign of ongoing harassment, through third parties, against plaintiff since he moved to Colorado in February of 2024 is insufficient to establish specific jurisdiction because it does not demonstrate that defendant purposefully directed its activities at Colorado.  *See id.* at 8-10.  Plaintiff objects to this recommendation.

### A.  Objection One

Plaintiff's first objection to the magistrate judge's recommendation is that defendant waived its personal jurisdiction defense through its "litigation conduct" in this case.  *See* Docket No. 51 at 3.  As plaintiff concedes, he did not raise this argument in response to defendant's motion to dismiss.  *See id.*  Thus, plaintiff waived this argument.  *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."); *see also Maurer v. Idaho Dep't of Corr.*, 799 F. App'x 612, 614 n.1 (10th Cir. 2020) (unpublished).  While plaintiff contends that, as a pro se litigant, he was "not

aware of the legal doctrine of waiver through litigation conduct when he opposed Defendant's Motion to Dismiss," *see* Docket No. 51 at 3, a pro se litigant is not excused from the general rule that a party waives an argument raised for the first time in an objection. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants") (alteration and citation omitted); *see also Ellis v. Retting,* No. 23-cv-03425-PAB-CYC, 2025 WL 251148, at *4 (D. Colo. Jan. 21, 2025) (finding that a pro se plaintiff waived his argument by raising it for the first time in his objection).

Even if plaintiff had not waived this argument, the Court finds that defendant did not waive its personal jurisdiction defense by participating in this case. Plaintiff argues that defendant waived its defense by participating in discovery, specifically, by filing a motion for a protective order, serving plaintiff with interrogatories and requests for production, responding to plaintiff's interrogatories, and conferring with plaintiff regarding discovery disputes. *See* Docket No. 51 at 4-7. Plaintiff also contends that defendant waived its personal jurisdiction defense by submitting a proposed scheduling order and filing a motion to stay discovery. *See id.* at 6. "*In the absence of a motion to dismiss*, a party's continued participation in litigation is inconsistent with an assertion of lack of personal jurisdiction." *See Hunger U.S. Special Hydraulics Cylinders Corp. v. Hardie-Tynes Mfg. Co.*, 203 F.3d 835 (10th Cir. 2000) (emphasis added). A party does not waive its ability to raise personal jurisdiction by participating in discovery, especially where it has moved to dismiss the case pursuant to Rule 12(b)(2). *See Classic Aviation Holdings LLC v. Harrower,* 2021 WL 633587, at *3 (D. Utah Feb. 18, 2021) (finding that

defendants' submission of their Rule 12(b)(2) motion "demonstrates Defendants have properly raised a lack-of-personal-jurisdiction defense, and it will not be implicitly waived if Defendants comply with [plaintiff's] current discovery requests"); *Qassas v. Daylight Donut Flour Co., LLC*, 2010 WL 1816403, at *3 (N.D. Okla. May 3, 2010) (finding that defendant did not waive its personal jurisdiction defense by serving and responding to discovery requests because "the conduct must be substantial and a key factor is whether the party seeking dismissal has sought affirmative relief from the court"). Furthermore, defendant complying with the magistrate judge's order, Docket No. 10, to attend the Scheduling Conference and preparing a proposed scheduling order, is insufficient to show that defendant waived its personal jurisdiction defense. *See Qassas*, 2010 WL 1816403, at *3 (finding that filing a corporate disclosure statement did not constitute waiver because it is an act "required by the local rules of the Court and assists the assigned district court judge in determining if it is necessary to recuse from a case"). While defendant filed a motion to stay discovery, defendant moved for such relief on the basis that the magistrate judge had issued his recommendation that the complaint be dismissed for lack of personal jurisdiction. *See* Docket No. 49 at 4-5. Furthermore, while "[c]ourts have placed particular weight on a defendant's request for relief on the merits" in deciding whether a defendant waived its defense, *see Ramos v. Foam Am., Inc.*, 2018 WL 987243, at *5 (D.N.M. Feb. 20, 2018), defendant moved to dismiss plaintiff's claims pursuant to Rule 12(b)(6) in the same motion where it argued that the Court lacks subject matter jurisdiction. *See* Docket No. 24. A defendant does not waive its defense under these circumstances. *See Evans v. Robertson,* 2025 WL 3246957, at *3 (E.D. Mich. Sept. 25, 2025), *report and recommendation adopted*, 2025

7

WL 3246810 (E.D. Mich. Nov. 20, 2025) (rejecting the plaintiff's argument that

defendant "waived the jurisdictional and service defenses because she also seeks

dismissal on the merits under Rule 12(b)(6)" given that "the Court sees no reasonable

expectation that [defendant] intended to defend on the merits" and "nothing in the

procedural rules prevents a defendant from combining defenses under Rule 12(b)(2)

and 12(b)(6) in the same motion"); *Lively v. Wayfarer Studios LLC*, 2025 WL 2485438,

at *3 (S.D.N.Y. Aug. 28, 2025) (finding that defendant did not waive its personal

jurisdiction defense where defendant's "arguments on the merits have . . . been made

as an alternative to his personal jurisdiction defense" and "individuals may

simultaneously raise both personal jurisdiction and substantive arguments, for they

should not be required to either forfeit a defense of their position on the merits, or waive

their due process rights") (internal quotation, alteration, and citation omitted).

In summary, defendant's conduct has not manifested an "intent to submit to the

court's jurisdiction." *See Ramos*, 2018 WL 987243, at *5 (citation omitted).

Accordingly, the Court will overrule plaintiff's first objection.

### B. <u>Objection Two</u>

Plaintiff claims that defendant "served verified responses that Plaintiff has

documented contain internal contradictions." Docket No. 51 at 7. Plaintiff contends that

the Court should consider these "contradictions" in "evaluating the jurisdictional

question." *Id.* Plaintiff waived this argument by raising it for the first time in his

objection. *See Marshall*, 75 F.3d at 1426. Moreover, even if these contradictions do

exist, plaintiff does not explain how these contradictions show that defendant

purposefully directed its activities at Colorado. *See Newsome*, 722 F.3d at 1264. As

discussed in connection to plaintiff's first objection, defendant's participation in discovery is insufficient to demonstrate that defendant waived its personal jurisdiction defense. Accordingly, the Court will overrule plaintiff's second objection.

### C. Objection Three

Plaintiff contends that the "Recommendation applies a standard personal jurisdiction analysis without addressing the unique statutory context of Plaintiff's claim." Docket No. 51 at 11. Plaintiff argues that "[t]his is a Sarbanes-Oxley whistleblower case – not a garden-variety contract dispute or tort action" and it was improper for the magistrate judge to rely "exclusively on personal jurisdiction precedent from tort, contract, and products liability." *Id.*

"[I]t is essential in *each case* that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *See Hanson v. Denckla,* 357 U.S. 235, 253 (1958). Plaintiff cites no authority for the proposition that him bringing a claim under the Sarbanes-Oxley Act means that the Court can exercise personal jurisdiction over a defendant that the Court would otherwise not have jurisdiction over. Personal jurisdiction in this case is governed by Colo. Rev. Stat. § 13-1-124(1), which "confers the maximum jurisdiction permissible consistent with the Due Process Clause." *See Dudnikov*, 514 F.3d at 1070. Thus, the Court cannot exercise jurisdiction that is inconsistent with the Due Process Clause, regardless of the claims that a plaintiff may bring. *See Morrison v. MacDermid, Inc.*, 2008 WL 4293655, at *4 (D. Colo. Sept. 16, 2008) (applying Colorado's long-arm statute and determining whether the exercise of personal jurisdiction comports with due process where plaintiff brought a claim under

9

the Sarbanes-Oxley Act).  The cases cited by plaintiff are inapposite because they did not involve a challenge to the court's ability to exercise personal jurisdiction over the defendant.  *See* Docket No. 51 at 12 (citing *Murray v. UBS Sec., LLC*, 601 U.S. 23 (2024); *Genberg v. Porter*, 882 F.3d 1249 (10th Cir. 2018)).  It is true that some statutes, like the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), authorize nationwide service of process.  *See Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1210 (10th Cir. 2000).  However, the Sarbanes-Oxley Act does not authorize nationwide service of process.  *See generally* 18 U.S.C. § 1514A.  Moreover, even "in a federal question case where jurisdiction is invoked based on nationwide service of process, the Fifth Amendment requires the plaintiff's choice of forum to be fair and reasonable to the defendant."  *See Peay*, 205 F.3d at 1212; *see also Klein v. Cornelius*, 786 F.3d 1310, 1317-18 (10th Cir. 2015) ("Having established that [defendant] is amenable to service of process in a district in which receivership property is located we still must determine whether suing a Texas defendant in Utah accords with the minimal constitutional requirements of due process" where the statute at issue provides for nationwide service of process).

Accordingly, the Court overrules plaintiff's third objection.

### D. <u>Objection Four</u>

Plaintiff argues that neither "dismissal nor transfer" would "serve the interest of justice in this case."  Docket No. 51 at 12.  Even if the Court were to accept plaintiff's premise that the interest of justice would not be served by a dismissal, the Court cannot constitutionally exercise jurisdiction where plaintiff fails to show that defendant has purposefully directed its activities at Colorado.  *See Rambo*, 839 F.2d at 1417 (in ruling

10

on a Rule 12(b)(2) motion, the court must "determine whether the plaintiffs' allegations, as supported by affidavits, make a prima facie showing of the minimum contacts necessary to establish jurisdiction over each defendant"). Accordingly, the Court will overrule plaintiff's fourth objection.[1]

### E. Non-Objected to Portions of the Recommendation

The Court has reviewed the rest of the recommendation to satisfy itself that there are "no clear error[s] on the face of the record." *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, the Court has concluded that the recommendation is a correct application of the facts and the law.

Plaintiff does not object to the recommendation's finding that the Court cannot exercise general jurisdiction over defendant because defendant is not incorporated and does not maintain its principal place of business in Colorado. *See* Docket No. 48 at 7. The Court agrees with the recommendation that there is no basis for the Court to exercise general jurisdiction over defendant. *See Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021) (a corporation is subject to general jurisdiction in "its place of incorporation and principal place of business").

Turning to the exercise of specific jurisdiction, plaintiff does not object to the recommendation's finding that plaintiff's allegations of "ongoing harassment" are insufficient to show that defendant purposefully directed its activities at Colorado. *See* Docket No. 48 at 9. The Court agrees with the recommendation that plaintiff does not

---

[1] Plaintiff requests a hearing on his objections. *See* Docket No. 51 at 14. Pursuant to D.C.COLO.LCivR 7.1(h), "[a] motion may be decided without oral argument at the discretion of the court." The Court finds that oral argument would not assist the Court in ruling on plaintiff's objections and will exercise its discretion to not hold a hearing.

allege that these instances of harassment were undertaken by defendant, but rather by

"unknown individuals" and "unidentified parties."  *See* Docket No. 1 at 7, ¶¶ 52, 55.  The

complaint alleges "suspicious" communications and activity from unidentified people

after plaintiff moved to Colorado that were directed at plaintiff and his family, *see id.* at

7-8, ¶¶ 51-63, with no plausible allegations that connect this conduct to defendant.  In

his response, plaintiff concedes that he does not allege that defendant carried out the

harassment, but rather that "third parties" are responsible.  *See* Docket No. 26 at 6

("While Plaintiff does not allege that Defendant's employees personally carried out each

act of harassment, the law does not require such at showing at this stage.  Corporations

can and often do use third parties – such as private investigators, contractors, or other

intermediaries – to conduct retaliatory acts while maintaining plausible deniability.").

However, "[t]he unilateral activity of those who claim some relationship with a

nonresident defendant cannot satisfy the requirement of contact with the forum State."

*Hanson*, 357 U.S. at 253.  Even if plaintiff plausibly alleged that defendants harassed

and retaliated against plaintiff while he lived in Colorado, in determining whether a

defendant purposefully directed its activities at a forum state, the relevant inquiry "looks

to the defendant's contacts with the forum State itself, not the defendant's contacts with

persons who reside there."  *See Walden v. Fiore*, 571 U.S. 277, 285 (2014).

Defendant's alleged contacts with plaintiff while he resided in Colorado, absent other

contacts, is insufficient to establish personal jurisdiction pursuant to Fed. R. Civ. P.

12(b)(2).

    Thus, the Court finds that plaintiff fails to meet his prima facie burden to show the

existence of personal jurisdiction.  *See Vora v. Dionne*, No. 22-cv-00572-CNS-MDB,

12

2023 WL 1784227, at *4 (D. Colo. Feb. 6, 2023), *report and recommendation adopted,*
2023 WL 2446222 (D. Colo. Mar. 10, 2023), *aff'd*, 2024 WL 509030 (10th Cir. Feb. 9,
2024) ("None of the activities purportedly giving rise to the harm alleged by [plaintiff]
here appears to have been directed at Colorado, and the mere fortuity that [plaintiff]
resides in Colorado is insufficient to create personal jurisdiction.").

## IV. CONCLUSION

Therefore, it is

**ORDERED** that the Recommendation of United States Magistrate Judge Timothy
P. O'Hara [Docket No. 48] is **ACCEPTED**.  It is further

**ORDERED** that Plaintiff's Objections to the Magistrate Judge Recommendation
[Docket No. 51] are **OVERRULED**.  It is further

**ORDERED** that Defendant's Motion to Dismiss [Docket No. 24] is **GRANTED**.  It
is further

**ORDERED** that plaintiff's claims are **DISMISSED without prejudice** for lack of
personal jurisdiction.  It is further

**ORDERED** that this case is closed.

DATED March 20, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge